UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| HECTOR TORRES, | : | |
| | : | |
| Petitioner, | : | Civ. No. 16-0143 (RBK) |
| | : | |
| v. | : | |
| | : | |
| SOUTHERN STATE CORRECTIONAL FACILITY, et al., | : | OPINION |
| | : | |
| Respondent. | : | |

**ROBERT B. KUGLER, U.S.D.J.**

## I.     INTRODUCTION

Petitioner, Hector Torres, is a state prisoner currently incarcerated at the Southern State Correctional Facility in Delmont, New Jersey. He is proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. For the following reasons, the habeas petition will be summarily dismissed.

## II.     BACKGROUND

Petitioner challenges his custody status/level in this habeas petition. More specifically, he claims that five points that were attributed to him for a history of violence in the last five years has been arbitrarily and incorrectly applied since the alleged infraction occurred over eleven years ago. Additionally, he claims that the five points attributed to him for a history of institutional violence has been incorrectly applied because he was found not guilty of the alleged incident. He requests that this Court assign the appropriate custody status score to him.

## III.     LEGAL STANDARD:  *SUA SPONTE* DISMISSAL

With respect to screening the instant petition, 28 U.S.C. § 2243 provides in relevant part:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

"[A] district court is authorized to dismiss a [habeas] petition summarily when it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court[.]" *Lonchar v. Thomas*, 517 U.S. 314, 320 (1996).

## IV.   DISCUSSION

Habeas relief is limited. *See Leamer v. Fauver*, 288 F.3d 532, 540 (3d Cir. 2002). Indeed, the Third Circuit has stated the following:

> [W]henever the challenge ultimately attacks the 'core of habeas' – the validity of the continued conviction or the fact or length of the sentence – a challenge, however denominated and regardless of the relief sought, must be brought by way of a habeas corpus petition. Conversely, when the challenge is to a condition of confinement such that a finding in plaintiff's favor would not alter his sentence or undo his conviction, an action under § 1983 is appropriate.

*Leamer*, 288 F.3d at 542. In this case, a ruling in petitioner's favor would not affect the fact or duration of his conviction or sentence. Accordingly, his remedy lies not in bringing a habeas action such as this, but rather, as a civil rights suit pursuant to 42 U.S.C. § 1983. *See, e.g.*, *McCall v. Ebbert*, 384 F. App'x 55, 57-58 (3d Cir. 2010) (habeas petition challenging security classification is appropriately brought in a civil rights action not a habeas petition); *Ideen v. Beard*, No. 08-0151, 2008 WL 2944619, at *2 (W.D. Pa. July 31, 2008) (dismissing habeas petition where state prisoner requested that his custody level be restored). Therefore, this Court will summarily dismiss petitioner's § 2241 habeas petition.

## V.     CONCLUSION

For the foregoing reasons, the habeas petition will be summarily dismissed. An appropriate order will be entered.


DATED:  March  28, 2016                                         s/Robert B. Kugler
                                                                ROBERT B. KUGLER
                                                                United States District Judge